**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RONALD MILLARD IRBY** | : | **DOCKET NO. 2:21-cv-00010** |
| **D.O.C. # 583538** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **MARCUS MEYERS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Ronald Millard Irby on January 4, 2021. Doc. 1. Irby is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as time-barred.

**I.**
**BACKGROUND**

On December 10, 2012, Irby entered a plea of guilty to one count of possession of pornography involving juveniles in the 14th Judicial District Court in Calcasieu Parish, Louisiana. *See* Doc. 1, att. 2, p. 73. He was sentenced to a term of ten years on April 17, 2013. Doc. 1, p. 1. A direct appeal was timely filed in the Louisiana Third Circuit Court of Appeal and denied by that court on February 12, 2014. *State v. Irby*, 13-88, 2014 La. App. Unpub. LEXIS 47 (La. App. 3

Cir., Feb. 12, 2014), 131 So.3d 1135.  The Louisiana Supreme Court denied writs on October 24, 2014.  *State v. Irby*, 2014-0553 (La. 10/24/14); 151 So.3d 598.

On an unknown date in 2019, petitioner filed a motion styled, "Motion for Reconsideration of Sentence and Review of Sentence Per La. C.Cr.P. art. 88[ ]B(2)/Art. 881.2 A (1) Based on Grounds of Newly Discovered Evidence Per La. C.Cr.P. art. 854."  *See* Doc. 1, att. 2, p. 74.  The trial court denied this motion on August 23, 2019.  *Id*.  Petitioner sought writs in the Third Circuit.  On July 22, 2020, the Third Circuit interpreted his motion as an application for post-conviction relief and found it to be untimely, as it was filed more than two years from the date his conviction and sentence became final.  *Id*.

On January 4, 2021, Irby filed the petition presently before this Court, raising the following issues: (1) "unkept plea bargain of four (4) years" and (2) ineffective assistance of counsel.  Doc. 1.

## II.
### LEGAL STANDARDS

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The

limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### III.
#### APPLICATION

On October 24, 2014, the Louisiana Supreme Court denied petitioner's writ application on direct appeal. Petitioner did not seek review in the United States Supreme Court. Accordingly, petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or on January 22, 2015. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari.") Thus, petitioner had one year, or until January 22, 2016, to file his habeas corpus petition.

Petitioner filed his federal habeas petition on January 4, 2021. He was unable to toll the AEDPA's limitations period because, by the time he launched his collateral attack on his conviction sometime in 2019, the limitations period had already expired and could not thereafter be revived. *See Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999). Thus, petitioner's post-conviction pleadings filed in 2019 could not serve to toll the running of the limitations period. Accordingly, the instant petition is clearly time-barred by the provisions of the AEDPA.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten,* 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Irby does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was prevented in some extraordinary way from asserting his rights. Accordingly, Irby's claims cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

### IV.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 18th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE